CLERK'S OFFICE U.S. DIST COURT
AT DANVILLE, VA
FILED for Roanoke
JUL 23 2010
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| NICHOLAS PAZ,<br>Petitioner, | Civil Action No. 7:10-cv-00304 |
| v. | MEMORANDUM OPINION |
| TERRY O'BRIEN,<br>Respondent. | By: Hon Jackson L. Kiser<br>Senior United States District Judge |

Petitioner Nicholas Paz, a federal inmate proceeding pro se, brings this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Petitioner claims that his confinement pursuant to his federal conviction entered by the United States District Court for the Eastern District of Pennsylvania ("Eastern Pennsylvania District Court") is unconstitutional. After reviewing plaintiff's submissions, I dismiss the § 2241 petition because proceedings under 28 U.S.C. § 2255 are still available to him to collaterally attack his federal conviction and this district court did not sentence petitioner.

I.

Petitioner alleges the following facts in his petition. Petitioner pleaded guilty on July 17, 2003, to conspiring to commit a bank robbery, armed robbery, and using and carrying a firearm in relation to a violent crime. On August 8, 2005, the Eastern Pennsylvania District Court entered petitioner's criminal judgment, sentencing him to, inter alia, 354 months imprisonment. The Third Circuit Court of Appeals affirmed the conviction. Petitioner filed a motion to vacate, pursuant to 28 U.S.C. § 2255, in 2007, which the Eastern Pennsylvania District Court denied on August 5, 2009. The Third Circuit Court of Appeals subsequently denied his request for a certificate of appealability

1

on November 16, 2009.

Petitioner filed the instant petition in July 2010. Petitioner argues that § 2255 is an inadequate and ineffective means to test the validity of his convictions. Petitioner alleges that his conviction violated his constitutional rights because he pleaded guilty to a crime not charged in the indictment because he robbed a credit union and not a bank. Petitioner is presently incarcerated within this district.

II.

A district court may not entertain a § 2241 petition attempting to invalidate a sentence or conviction unless a motion pursuant to § 2255 is "inadequate or ineffective to test the legality of [an inmate's] detention." Swain v. Pressley, 430 U.S. 372, 381 (1977). A procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate" or "ineffective." In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997). The United States Court of Appeals for the Fourth Circuit has found that § 2255 is inadequate and ineffective to test the legality of an inmate's conviction only when the inmate satisfies a three-part standard by showing that:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of §2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

The claims petitioner now raises could have been addressed in a timely filed § 2255 motion to test the legality of his confinement. Moreover, the petition does not establish that his § 2241

petition collaterally attacking his conviction meets the Jones standard. Petitioner does not point to any recent change of substantive law, and I am unaware of any precedent making it legal to conspire to rob a financial institution and then to rob it while using or carrying a firearm. Moreover, even if this petitioner could proceed in this district court via § 2241, petitioner would be asking a district court in Virginia to vacate a conviction entered by a district court in Pennsylvania. Thus, plaintiff should collaterally attack his conviction in the Eastern Pennsylvania District Court.

Accordingly, petitioner fails to meet the Jones standard to show that § 2255 is inadequate or ineffective to test the legality of his conviction, his claims cannot be addressed under § 2241, and this petition must be dismissed.[1] Furthermore, petitioner is not eligible to proceed under the great writ, 28 U.S.C. § 1651(a), because petitioner is still incarcerated and fails to establish that § 2255 relief is not inadequate or ineffective. See Hirabayashi v. United States, 828 F.2d 591, 604 (9th Cir. 1987) (endorsing requirement for coram nobis that the usual remedy must be unavailable).

III.

In conclusion, I dismiss this § 2241 petition because petitioner fails to demonstrate that he is entitled to relief.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the petitioner.

ENTER: This 23rd day of July, 2010.

Senior United States District Judge

---

[1] Section 2255 motions must be filed with the court that imposed the sentence. See 28 U.S.C. § 2255. See also Swain, 430 U.S. at 378. Therefore, I do not have jurisdiction to address petitioner's pleading as a § 2255 motion. To file a second § 2255 motion in the district court where petitioner was sentenced, petitioner must receive pre-filing authorization from the appropriate court of appeals. See 28 U.S.C. § 2255(h). When a petitioner does not demonstrate that a court of appeals has issued him pre-filing authorization to submit a second or successive § 2255 motion, a district court does not have jurisdiction to consider the merits of a successive § 2255 motion.

3